IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>Plaintiff,  )<br>  )<br>vs.  )<br>  )<br>JUAN O. WHITAKER,  )<br>  )<br>Defendant.  )<br>  ) | Case: 21-10021-01-JWB |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION TO DISMISS WITH PREJUDICE**

The United States, by and through Matt Treaster, Assistant U.S. Attorney, responds to defendant's Motion to Dismiss with Prejudice for Speedy Trial Violation (Doc. 31) and moves the Court to dismiss the case without prejudice.

## FACTS

On April 20, 2021, the defendant was charged by criminal complaint for the possession of methamphetamine with the intent to distribute in violation of 21 USC 841(a). (Doc. 1). On April 21, 2021, the defendant made an initial appearance and waived his detention hearing. (Doc. 3). The defendant was already being detained in federal custody for a supervised release violation in case 14-CR-140067-01-JWB at the time of the indictment in the present case. The custody period for the supervised release violation case began on February 24, 2021. The facts of the present criminal case were also part of the violations in the supervised

release case. On April 22, 2021, the district court issued a General Order of Discovery and Scheduling setting a status conference for June 14, 2021, and the jury trial for June 28, 2021. (Doc. 8).

Counsel for the defendant contacted the attorney for the government on June 2, 2021 and asked about the availability of discovery in the case. Counsel for the government did not realize that discovery had not been sent to the defense. The U.S. Attorney's Office for the District of Kansas had recently started using a new discovery system, and because of an oversite, the discovery had not yet been sent. The discovery was then provided on the same day as the Defense Counsel's inquiry.

On June 14, 2021 a status conference was held before the Court. (Doc. 9). At that hearing the defendant notified the court of his intent to file a Motion to Continue and subsequently filed a Motion to Continue the trial the following day. (Doc. 10). The Motion to Continue was granted and a new trial date was set for August 2, 2021 excluding the speedy trial time between June 28, 2021 to August 2, 2021. (Doc. 12). On June 21, 2021 the defendant filed a Motion for Access to the Electronic Discovery and received an Order allowing such access the following day. (Docs. 11, 13).

On July 22, 2021, the defendant filed a Motion to Suppress. (Doc. 16). The government filed a motion for additional time to respond to that motion on July

29, 2021.  (Doc. 18).  That Motion was granted, and the United States was given until September 3, 2021 to respond.  (Doc. 19).  The government timely filed its response to the defendant's Motion to Suppress on September 3, 2021.  (Doc. 20). A hearing on the Motion to Suppress was then held on September 23, 2021 (Doc. 27).  Following the hearing on the Motion to Suppress the Court took the case under advisement and later issued its written Order regarding the Motion on September 29, 2021, denying the defendant's Motion.  (Docs. 27-28).  Following the publishing of the Court's Order on the Motion to Suppress, the case was not re-set for trail as the parties had notified to the Court that the speedy trial clock was about to runout.

On October 13, 2021, the defendant filed a Motion to Dismiss with Prejudice for Violation of the Speedy Trial Act. (Doc. 31).

## SPEEDY TRIAL COMPUTATION

The Speedy Trial Act, 18 U.S.C. § 3161, requires that a defendant be brought to trial within seventy days of the filing of the indictment or from the date the defendant first appears before a judicial officer, whichever is later. 18 U.S.C. § 3161(c)(1); *see United States v. Mora*, 135 F.3d 1351, 1354 (10th Cir. 1998). "The dual purpose of the Speedy Trial Act is to protect a defendant's constitutional right to a speedy indictment and trial, and to serve the public interest in bringing prompt criminal proceedings." *United States v. Saltzman*, 948 F.2d 1087, 1090 (10th Cir.

1993). Certain periods of delay are excluded and do not count toward the 70-day limit. *See* 18 U.S.C. § 3161(h)(1)-(9). The Act excludes any period of delay "resulting from a continuance granted by any judge . . . on the basis of its findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). Section 3161(h)(1)(F) excludes "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition, of such motion." 18 U.S.C. § 3161(h)(1)(F). Under section 3161(h)(1)(J), periods of "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court." are also excluded. 18 U.S.C. § 3161(h)(1)(J). Thus, subsection (F) excludes the period between filing a motion and the conclusion of the hearing of the motion, after which, the district court has thirty days to decide the motion. *See United States v. Williams*, 511 F.3d 1044, 1048 (10th Cir. 2007).

In this case, it appears that the non-excludable days between April 23, 2021, and August 2, 2021, is a total of 61 days, and from September 30, 2021 to October 13, 2021, a total of 13 days. The first period of time is from the day following the defendant's arraignment (April 21, 2021) until the day of the first trial setting (June 28, 2021) excluding any time that any motions were filed. The second period of time is from the date following the issuance of the District Court's Order denying the

defendant's Motion to Suppress (September 30, 2021) until the day the defendant filed the Motion to Dismiss (October 13, 2021). The total time on the "speedy trial clock" appears to be 74 days.

## ARGUMENT

If the District Court finds a violation of the Speedy Trial Act, the indictment must be dismissed. *See United States v. Williams*, 511 F.3d 1044, 1048 (10th Cir. 2007). However, the district court retains "broad discretion whether to dismiss the Indictment with or without prejudice." *United States v. Abdush-Shakur*, 465 F.3d 458, 462 (10th Cir. 2006). A violation of the Speedy Trial Act alone is not sufficient to dismiss the indictment with prejudice. *Id*. 18 U.S.C. § 3162(a)(2) provides:

> In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.

18 U.S.C. § 3162(a)(2); *see Abdush-Shakur*, 465 F.3d at 462. Prejudice to the defendant is among the "other" factors the text of § 3162 directs the district court to consider. *See United States v. Taylor*, 487 U.S. 326, 334 (1988). "[T]he application of the more severe sanction of dismissal with prejudice . . . should be reserved for more egregious violations." *United States v. Cano-Silva*, 402 F.3d 1031, 1035 (10th Cir. 2005).

5

The defendant argues that this case should be dismissed with prejudice because he believes that the amount of methamphetamine involved is a small amount and because the government was 12 days late in providing discovery. However, based on the record of the case, the indictment should be dismissed without prejudice.

The case is a serious case. As the defendant states, felony drug charges are serious offenses. *See United States v. Pasquale*, 25 F.3d 948, 953 (10th Cir. 1994); *United States v. Saltzman*, 984 F.2d 1087, 1093 n.8 (10th Cir. 1993) ("generally, felony drug charges have been treated as serious offenses"). The penalty for possessing not less than 5 grams of methamphetamine is not less than five years and not more than 40 years in prison. 21 U.S.C. § 841(b)(1)(B). Thus, the defendant is charged with a serious offense.

The late discovery was merely an oversite on the part of the government. A new system of providing discovery had recently been put in place in the U.S. Attorney's Office and the discovery in this case was not sent out when it should have been. Once the government was informed of the oversite, it immediately provided discovery to the defendant. The defense has not alleged any intentional dilatory conduct or pattern of neglect on the part of the government which resulted in this delay of discovery production. *See Saltzman*, 984 F.2d at 1093-94 ("Where the delay is the result of intentional dilatory conduct, or a pattern of neglect on the part of

the Government,dismissal with prejudice is the appropriate remedy."). The delay was just an oversite that was immediately delt with by the United States once it was brought to the attention of the government's counsel.

The ends of justice are best served by a dismissal without prejudice. The dismissal of the present case with or without prejudice will not change his custody status. The defendant will remain in custody on his supervised release violation case. The punishment to the government is that the case will have to be refiled and start anew. There is little prejudice, if any, for the defendant. Therefore, the case should be dismissed without prejudice.

WHEREFORE, the district court should find a violation of the Speedy Trial Act and the United States prays for an Order dismissing the indictment without prejudice.

      Respectfully Submitted,

      DUSTON J. SLINKARD
      Acting United States Attorney

      s/ Matt Treaster
      MATT TREASTER, Bar No. 7473
      Assistant U.S. Attorney
      301 N. Main, Suite 1200
      Wichita, Kansas   67202
      Phone: (316) 269-6481
      matt.treaster@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2021, I electronically filed the foregoing with

the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to Paul S. McCausland, attorney for defendant.

                                                         s/Matt Treaster
                                                         MATT TREASTER
                                                         Assistant U.S. Attorney