IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                    Case No. 21-10021-JWB

JUAN O. WHITAKER, SR.,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion to dismiss the indictment with prejudice for violation of the Speedy Trial Act. (Doc. 31.) The government has filed a response. (Docs. 32). For the reasons stated herein, Defendant's motion to dismiss the indictment is granted, but the dismissal is without prejudice.

**I. Facts**

Defendant was indicted on April 20, 2021, on one count of unlawful possession with intent to distribute five grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(B). (Doc. 1.) He made his initial appearance (by Zoom) on April 21 and entered a plea of not guilty. (Doc. 3.) Defendant waived a detention hearing and was ordered detained pending trial. (*Id.*) CJA Panel Attorney Paul McCausland was appointed to represent Defendant. (Doc. 6.) A status hearing was scheduled for June 14 and the trial was scheduled for June 28. (Doc. 8.)

On June 22, 2021, Defendant moved to continue the trial date and pretrial motion deadlines based in part upon a need to review discovery received on June 2. (Doc. 10 at 2.) Defendant also moved for access to electronically stored information; that motion was granted June 23. (Doc.

11.) The motion to continue was also granted and the trial was reset for August 2, with the time from June 28 to August 2 specifically excluded from the 70-day period in which trial must be commenced under the Speedy Trial Act. (Doc. 12 at 2.)

On July 22, Defendant filed a motion to suppress evidence. (Doc. 16.) After that motion was fully briefed, the court held an evidentiary hearing on September 23 and took the motion under advisement. (Doc. 27.) The court denied the motion to suppress on September 29. (Doc. 28.) On October 6, the court held a status conference. (Doc. 30.) On October 13, Defendant filed a motion to dismiss for violation of the Speedy Trial Act, asserting that the 70-day period for trial expired on October 8. (Doc. 31 at 3.) Defendant argues the violation was caused by the government's failure to timely produce discovery and that the dismissal of the indictment should be with prejudice.[1] (*Id*. at 10-11.) In response, the government concedes the violation but argues dismissal should be without prejudice. (Doc. 32 at 7.)

**II. Legal Standards**

The Speedy Trial Act provides in part that the trial of a defendant who has entered a plea of not guilty shall commence within 70 days from the filing of the indictment or the date the defendant first appears on the charge, whichever is later. *See* 18 U.S.C. § 3161. Various periods are excluded from the 70-day clock, including any period of delay from a pretrial motion (from the filing of the motion through conclusion of the hearing, and a reasonable delay not to exceed 30 days during which a matter is under advisement) and a continuance granted upon "the ends of justice." *See id*. at § 3161(h).

If a defendant is not brought to trial within the time limit of the Act, the indictment "shall be dismissed on motion of the defendant." § 3162(a)(2). "In determining whether to dismiss the

---

[1] Defendant relies only on the Speedy Trial Act does not argue that his Sixth Amendment right to a speedy trial has been violated. (*See* Doc. 31 at 11.)

case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of [the Speedy Trial Act] and on the administration of justice." Thus, when the Speedy Trial Act is violated, dismissal is mandatory, but the court retains discretion to dismiss with or without prejudice. *United States v. Black*, No. 17-10123-EFM, 2019 WL 6052472, at *2 (D. Kan. Nov. 15, 2019) (citations omitted.)

### III. Analysis

The court first finds Defendant was not brought to trial within the 70-day time limit of the Speedy Trial Act. Defendant made his first appearance on April 21. The first period of exclusion began with the filing of motions on June 22. As a result, 61 days on the Speedy Trial clock elapsed from April 21 through June 21. June 22-23 was excluded due to the filing and resolution of motions. Four additional days on the Speedy Trial clock elapsed from June 24-27, with another excludable period from motions beginning June 28 and ending September 29. By that point, 65 days had elapsed. After five additional days passed – on or about October 5 – the 70-day period expired.

Reviewing the factors, the court finds that they weigh in favor of dismissal without prejudice. The drug charge against Defendant is serious in nature, with an authorized penalty that includes a five-year mandatory minimum and a maximum of 40-years imprisonment. 21 U.S.C. § 841(b)(1)(B). This factor weighs in favor of dismissal without prejudice. *See United States v. Koerber,* 813 F.3d 1262, 1276-77 (10th Cir. 2016) (court can measure seriousness of offense by considering the penalty authorized by Congress); *United States v. Zapata*, 433 F. App'x 667, 672 (10th Cir. 2011) (felony drug charges are generally treated as serious offenses).

The government concedes it was responsible for a delay in providing discovery to Defendant, and that this delay caused or contributed to the violation. It argues the delay was inadvertent and resulted from adoption of a new system for providing discovery. (Doc. 32 at 6.) The government provided the discovery as soon as it was notified of the oversight. (*Id*.) Defendant acknowledges he has no basis for disputing the government's explanation of administrative oversight. (Doc. 31 at 2.) The inadvertent nature of the error weighs against a dismissal of the indictment with prejudice. *See United States v. Toombs,* 713 F.3d 1273, 1280 (10th Cir. 2013) (in addressing the second statutory factor the court considers "the culpability of the delay-producing conduct"). More importantly, the absence of prejudice to Defendant's ability to defend the case weighs strongly against a dismissal with prejudice. A fundamental purpose of the right to a speedy trial is to protect a defendant's ability to adequately prepare his case and avoid "'the possibility that the … defense will be impaired' by dimming memories and loss of exculpatory evidence." *Doggett v. United States,* 505 U.S. 647, 654 (1992). Defendant makes no showing or even suggestion that any significant prejudice to his ability to defend the case was caused by the pretrial delay. The delay arguably caused Defendant to suffer some extended pretrial detention, but under the circumstances the delay was not substantial enough to weigh in favor of dismissal with prejudice.[2] *Cf. Id.* (one type of harm from unreasonable delay is "oppressive pretrial incarceration").

The totality of circumstances in this case weighs in favor of a dismissal without prejudice. Given the relatively short delay, the inadvertent reason for the violation, and the lack of any substantial prejudice to Defendant, the purposes of the Speedy Trial Act will be served by a dismissal without prejudice. The prospect that Defendant may be reprosecuted for the alleged

---

[2] The government points out Defendant was already detained for an alleged supervised release violation in Case No. 14-40067-JWB when the indictment in the instant case was filed. (Doc. 32 at 1.)

4

offense is consistent with the underlying purposes of the Speedy Trial Act, and the administration of justice would best be served by allowing resolution of the serious charge at issue on the merits.

### IV.  Conclusion

Defendant's motion to dismiss the indictment for violation of the Speedy Trial Act (Doc. 31) is GRANTED to the extent stated above.  The indictment is hereby DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED this 2nd day of November, 2021.

                                                                          _____s/ John W. Broomes_____
                                                                          JOHN W. BROOMES
                                                                          UNITED STATES DISTRICT JUDGE